UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD DEAN BOUYE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02968-JMS-MPB |
| ) | |
| MARTZ, ) | |
| COOKE, ) | |
| J. WILLIAMS, ) | |
| BYERS, ) | |
| K. ALDERSON, ) | |
| C. QUARRIER, ) | |
| K. CARTER, ) | |
| C. TYLER, ) | |
| Z. FAWVER, ) | |
| J. FISH, ) | |
| GUST, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On May 12, 2022, Plaintiff Bradford Bouye filed a Motion for Court Assistance. He asks the Court to order prison officials to stop retaliating against him for filing this lawsuit. The Court interprets the Motion for Court Assistance as a motion for preliminary injunction. For the reasons explained below, the motion is **DENIED**.

**I. Legal Standard**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)).

As a threshold matter, "a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer

irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.*

## II. Discussion

Mr. Bouye is suing prison officials for excessive force, failure to intervene, and deliberate indifference to a serious medical need. His motion alleges widespread corruption at his facility, and he asserts that he believes prison officials are targeting his family members outside the facility because he has not been able to reach them on the phone. He asks the Court to check in on his family members and prevent prison officials from harming them. Mr. Bouye also alleges that his mail and tablet have been tampered with.

Mr. Bouye's motion is denied because he has not shown that he is likely to suffer irreparable harm in the absence of a preliminary injunction. The Seventh Circuit has explained that to prevail on a motion for preliminary injunction, "[t]he moving party must demonstrate that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020) (emphasis in original). This requires "more than a mere possibility of harm." *Id.* (citing *Winter v. Natural Resources Defense Counsel*, 555 U.S. 7, 22 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

There is no evidence in the record to support Mr. Bouye's speculation that his family is at risk from prison officials or that prison officials are tampering with his mail and tablet. Moreover, these issues are not the subject of this lawsuit. Because he has not shown that he is likely to suffer irreparable harm in the absence of a preliminary injunction, his motion, dkt. [19], is **DENIED**.

    **IT IS SO ORDERED**.

Date: 8/9/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRADFORD DEAN BOUYE, JR.
914329
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Sarah Jean Shores-Scisney
Stoll Keenon Ogden PLLC (SKO)
sarah.shores@skofirm.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Julie Tront
Office of Indiana Attorney General
julie.tront@atg.in.gov